1  CRAIG J. LEFF
   California Bar No. 202144
2  2207 Catalina Boulevard
   San Diego, California 92107
3  Telephone: (619) 758-1712
   Facsimiles:  (619) 353-3821; 226-8052
4  E mail: cleff@lefflegal.com

5  Attorney for Plaintiff
   SEAN HOFFARTH

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| SEAN HOFFARTH, | Case No. **'11CV0450 LAB BLM** |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. VIOLATION OF CIVIL RIGHTS (CRUEL AND UNUSUAL PUNISHMENT)** |
| COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DOES 1 THROUGH 100, | **2. VIOLATION OF CIVIL RIGHTS (POLICY AND CUSTOM)** |
|  | **3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
|  | **4. GENERAL NEGLIGENCE** |
| Defendant. | **5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
|  | **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.  Jurisdiction is invoked pursuant to Title 28 United States Code § 1343(a)(3), and Title 42 United States Code §§ 1983, 1985 and 1988.

## PARTIES

2.  Plaintiff SEAN HOFFARTH (PLAINTIFF) is an individual residing in the County of San Diego, California;

3.  Defendant COUNTY OF SAN DIEGO (COUNTY) is a public entity, acing directly and through its agency, the San Diego County Sheriff's Department;

4.  Defendant SAN DIEGO COUNTY SHERIFF'S DEPARTMENT (SHERIFF'S DEPARTMENT) is also a public entity.  Although the SHERIFF'S DEPARTMENT is an agent of

1

Defendant COUNTY, the SHERIFF'S DEPARTMENT is being sued as a separate defendant, as they are also a separate public entity;

5. Does 1 through 20, at all times mentioned herein, were and are employees of COUNTY, acting under color of law, who were physicians, nurses, and medical supervisors and administrators at the San Diego County Central Jail (JAIL), responsible for and were hired to provide, supervise, and to ensure the proper administration of the medical care, attention and treatment to detainees at the JAIL. They were responsible for the supervision, training, reprimanding, and administration of medical care and treatment, or lack thereof, rendered to PLAINTIFF and other detainees and for follow-up medical care and treatment for patients. Each is sued in his or her official capacity;

6. Does 21 through 100, at all times mentioned herein, were and are employees of COUNTY, acting under color of law, who were and are the deputies at the JAIL, responsible to provide the custodial care and to seek medical care, attention and treatment of all detainees at the JAIL. The deputies responsible for the supervision of detainees, for observing and reporting any unusual activity or circumstances, and responsible for seeking medical care and treatment for detainees, including PLAINTIFF. These defendants failed to supervise, report and refer PLAINTIFF for medical care and treatment when they knew, or should have known, that PLAINTIFF was in need of medical care, and in so doing breached their duty to provide him with access to medical care and treatment. They are sued in their official and personal capacities;

7. PLAINTIFF is unaware of the true names and capacities of those defendants sued as DOES 1 through 100, inclusive. PLAINTIFF will amend this Complaint when those names and capacities become known;

8. On information and belief, each of the defendants, including each DOE defendant, is the agent, employee, representative or the co-conspirator of each of the other defendants, and in engaging in the conduct herein alleged, did so in furtherance of such relationship;

**VENUE**

9. Venue is proper in this judicial district because the complaint of conduct occurred in this judicial district and each defendant resides or conducts business within this judicial district;

2

10. PLAINTIFF has complied with the applicable tort claim filing statute and has served on each public agency defendant a timely claim for damages that was denied by each agency prior to filing suit herein. PLAINTIFF has exhausted his Administrative Remedies;

**FACTS**

11. This action is brought under Title 42 United States Code section 1983, the Eighth and Fourteenth Amendments of the United States Constitution, and pursuant to the general laws of the State of California;

12. On or about May 20, 2010, while detained at JAIL, PLAINTIFF developed a rash of unknown origin. Within a few days, the rash had spread from his upper arms and shoulders, to his chest, and eventually down to his legs;

13. On or about May 26, 2010, PLAINTIFF requested to see a nurse using the Inmate Medical Request form required by JAIL. PLAINIFF was never taken to see a nurse or obtain medical care. PLAINTIFF's condition continue to worsen;

14. On or about May 29, 2010, while on lockdown, PLAINTIFF again requested to be taken to the nurse by "hitting the button." This resulted in a deputy personally speaking to PLAINTIFF. PLAINTIFF advised the deputy that he was in pain from the rash, but the deputy refused to take PLAINTIFF to see a nurse or to obtain medical care;

15. PLAINTIFF followed this same procedure on or about May 30, 2010, and May 31, 2010, each time personally speaking to a deputy and each time advising the responding deputy that he was in pain from the rash. Each time the responding deputy refused to take PLAINTIFF to see a nurse or obtain medical treatment. PLAINTIFF's condition continued to worsen. By this time, the rash had transformed into puss-filled abscesses covering the majority of his body;

16. On or about June 1, 2010, PLAINTIFF attended his sentencing hearing at San Diego County Superior Court. His attorney asked the Court to note PLAINTIFF's medical condition on the docket and then order JAIL to provide medical care for PLAINTIFF's condition. Later that evening, during night count, PLAINTIFF again showed his abscessed leg to a deputy. That deputy took PLAINTIFF to see a nurse at about 11:00 p.m. The nurse took photos of PLAINTIFF's abscessed leg and buttocks, gave PLAINTIFF some antibiotics, and made an appointment for him to see a

1  physician two days later;

2  17. On or about June 3, 2010, PLAINTIFF was seen by a physician who diagnosed PLAINTIFF's as having nine separate staph-infected abscesses on various parts of his body including his legs, pelvic area, buttocks and elbow. He was admitted to medical and treated for this condition until on or about June 19, 2010. PLAINTIFF's condition, in fact, became life-threatening;

3  18. On or about June 18, 2010, PLAINTIFF was informed that he was suffering from an infection caused by Methicillin-resistant Staphylococcus aureus (MRSA), which is a "staph infection" caused by a particular strain of staphylococcus bacteria;

**FIRST CAUSE OF ACTION**

**(Policy, Custom or Practice Causing Constitutional Violation)**

19. Plaintiff realleges and incorporates by reference herein, the allegations contained in each preceding paragraph;

20. COUNTY and SHERIFF'S DEPARTMENT maintained a de facto unconstitutional informal and/or formal policy, custom or practice of permitting, ignoring and condoning its agents and police officers to ignore complaints of pain or need for medical attention expressed by arrestees. COUNTY AND SHERIFF'S DEPARTMENT permit officers to make their own uneducated decisions as to whether or not a person really needs medical attention, and to defer such decisions to JAIL personnel whenever possible. This custom, policy, or practice has the result of delaying and denying medical attention for the protection of the health and safety of an arrestee;

21. The custom, policy or practice was the legal cause of PLAINTIFF's injuries, and each defendant acting in accordance with this custom, policy, or practice, acted with deliberate indifference to the needs of persons such as PLAINTIFF;

**SECOND CAUSE OF ACTION**

**(Cruel and Unusual Punishment)**

22. Plaintiff realleges and incorporates by reference herein, the allegations contained in each preceding paragraph;

23. Defendants, acting under the color of their authority, and in the course and scope of their employment, were charged with the care of the detainees at the JAIL. They were responsible

for ensuring that detainee's medical needs were met;

24. While detained at JAIL, PLAINTIFF informed DOES 1-100 that he was in pain and that he needed medical attention. He told them that he was in pain and showed them the rash and puss-filled abscesses on his body;

25. COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 knew or should have known that PLAINTIFF was suffering from a medical condition, specifically an infection, that required medical attention. PLAINTIFF is informed and believes that COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 maintained a de facto unconstitutional informal and/or formal, policy, custom or practice of ignoring the medical risks to detainees who suffer infections. PLAINTIFF is informed and believes that COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 also maintained a de facto unconstitutional formal and/or informal policy, custom or practice of ignoring detainees' request for medical care or treatment, even when requested through the proper means ostensibly required by COUNTY and SHERIFF'S DEPARTMENT;

26. As a result of said policy, custom and practice, PLAINTIFF suffered pain and further injury initially caused by the actions of the defendants;

27. The acts of the defendants were willful and malicious such as to entitle PLAINTIFF to an award of punitive damages;

**THIRD CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

28. Plaintiff realleges and incorporates by reference herein, the allegations contained in each preceding paragraph;

29. PLAINTIFF is informed and believes and thereon alleges that the defendants, by and through its principals, agents and employees conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. The cruel and unusual punishment directed towards PLAINTIFF as a result of the ignoring of his valid and urgent requests for medical attention, constitutes extreme and outrageous conduct by the defendants;

30. Through the outrageous conduct described above, defendants acted with the intent to

cause, and with reckless disregard for the probability of causing PLAINTIFF to suffer severe emotional distress;

31. At all relevant times, defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

32. As a direct and proximate result of defendants' willful, knowing and intentional acts, and defendants' failure to act, PLAINTIFF has suffered and will continue to suffer mental distress and anguish;

33. The acts of the defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for PLAINTIFF's rights; and with the intent, design and purpose of injuring PLAINTIFF, with an improper and evil motive amounting to malice, in conscious disregard of PLAINTIFF' right. PLAINTIFF is thereby entitled to recover punitive damages against the defendants;

## FOURTH CAUSE OF ACTION
### (General Negligence)

34. .Plaintiff realleges and incorporates by reference herein, the allegations contained in each preceding paragraph;

35. COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 (the defendants) had a duty to ensure PLAINTIFF was able to obtain medical treatment for medical conditions;

36. COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 breached their duty of care by negligently failing to provide medical treatment for PLAINTIFF's medical condition, despite his repeated requests for medical care;

37. The actions of COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 were the proximate cause of injury to PLAINTIFF and are liable for his emotional distress, physical injuries, humiliation, fear, anxiety and other special and general damages in amounts to be proven at trial;

////

////

////

**FIFTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

38. Plaintiff realleges and incorporates by reference herein, the allegations contained in each preceding paragraph;

39. COUNTY, SHERIFF'S DEPARTMENT and DOES 1-100 were negligent in failing to provide medical care for PLAINTIFF's medical condition, despite PLAINTIFF's repeated requests for care.

40. As a result of the defendants' negligent acts as described above, PLAINTIFF nearly lost his life. Since then, PLAINTIFF has suffered serious emotional distress, including anguish, nervousness, grief, anxiety, worry, shock, humiliation and shame.

41. The negligence of the defendants was a substantial factor in causing PLAINTIFF serious emotional distress.

**JURY TRIAL**

The PLAINTIFF requests and demands a JURY TRIAL.

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against the defendants as follows:

**FIRST CAUSE OF ACTION**

**(Cruel and Unusual Punishment)**

1. For compensatory damages in the amount of $5,000,000;
2. For enhanced damages, penalties and punitive damages against the non-governmental agencies, as permitted under federal and California law;
3. For pre-judgment interest;
4. For Attorneys' fees;
5. For costs of suit; and
6. For such other and further relief as the Court deems just and proper.

////

////

////

**SECOND CAUSE OF ACTION**

**(Policy and Custom)**

7. For compensatory damages in the amount of $5,000,000;
8. For enhanced damages, penalties and punitive damages against the non-governmental agencies, as permitted under federal and California law;
9. For pre-judgment interest;
10. For Attorneys' fees;
11. For costs of suit; and
12. For such other and further relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

13. For compensatory damages in the amount of $5,000,000;
14. For enhanced damages, penalties and punitive damages against the non-governmental agencies, as permitted under federal and California law;
15. For pre-judgment interest;
16. For Attorneys' fees;
17. For costs of suit; and
18. For such other and further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**(General Negligence)**

19. For compensatory damages in the amount of $5,000,000;
20. For enhanced damages, penalties and punitive damages against the non-governmental agencies, as permitted under federal and California law;
21. For pre-judgment interest;
22. For Attorneys' fees;
23. For costs of suit; and
24. For such other and further relief as the Court deems just and proper.

////

## FIFTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

25. For compensatory damages in the amount of $5,000,000;

26. For enhanced damages, penalties and punitive damages against the non-governmental agencies, as permitted under federal and California law;

27. For pre-judgment interest;

28. For Attorneys' fees;

29. For costs of suit; and

30. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 28, 2011

s/ CRAIG J. LEFF

Attorney for Plaintiff SEAN HOFFARTH

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SEAN HOFFARTH

### DEFENDANTS
COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFFS DEPARTMENT and DOES 1-100

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Craig J. Leff 2207 Catalina Boulevard, San Diego California 92107

Attorneys (If Known)
**'11CV0450 LAB BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☒ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28 USC 1342(a)(3) and Title 42 USC Sections 1983, 1985 and 1986
Brief description of cause:
While incarcerated in County Jail, Plaintiff was denied needed medical and almost died as a result.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/01/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEAN HOFFARTH )<br>)<br>vs. )<br>)<br>County of San Diego, San )<br>Diego Sheriffs Dpt and )<br>Does 1-100 )<br>_____ ) | | Case No. _____<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br>_____<br><br>Date Served:<br>03/01/11 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

in the following manner: (check one)

1)        By personally delivering copies to the person served.

2)        By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)        By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)   ✗   By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego 1:30 p.m. on  March 1 , 2011 .

Executed on _____March 1_____, 2011    at San Diego County

_____

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)