THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By DAVID G. AXTMANN, Senior Deputy (SBN 100176)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5649
Facsimile: (619) 531-6005
E-mail: david.axtmann@sdcounty.ca.gov

Attorneys for Defendant County of San Diego (also erroneously sued as "San Diego County Sheriff's Department")

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HOFFARTH, | No. 11cv0450-LAB(BLM) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF DEFENDANT COUNTY OF SAN DIEGO** |
| v. | |
| COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DOES 1 THROUGH 100, | [F. Rules Civ. P., rule 12(b)(6)] |
| Defendants. | Hearing Date: June 13, 2011<br>Time; 11:15 a.m.<br>Courtroom: 9<br>The Honorable Larry A. Burns |

# I

# INTRODUCTION

The plaintiff, Sean Hoffarth, was a San Diego County Jail inmate in May and June 2010. He alleges that he was not afforded appropriate medical care, and that a skin condition and staph infection caused by Methicillin-resistant Staphylococcus Aureus (MSRA) developed while in jail. He attempts to allege federal and state claims for relief. However, the *Monell* claims should be dismissed because plaintiff fails to meet pleading requirements and does not allege conduct rising to the level of a constitutional violation. The complaint does not describe deliberate indifference to serious medical needs. Also, plaintiff cannot allege a state law-based cause of action against the County of San Diego.

# II

# PLAINTIFF'S ENTIRE COMPLAINT IS SUBJECT TO DISMISSAL UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)

When a complaint fails to state a claim upon which relief can be granted, a defendant may move for dismissal of the entire complaint under Federal Rules of Civil Procedure, rule 12(b)(6).

# FEDERAL CLAIMS

# III

# PLAINTIFF'S FEDERAL CLAIMS FAIL TO ALLEGE DELIBERATE INDIFFERENCE OR A CONSTITUTIONAL VIOLATION
# (I and II *Monell*)

A. **No *Monell* Claim Is Stated Because The Allegations Do Not Show The Claim Is Factually Plausible**.

Under Federal Rule of Civil Procedure, rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although "detailed factual allegations" are not required, plaintiff must allege more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 566 U.S. __, 129 S.Ct. 1937, 1949 (2009).

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, which when taken as true, demonstrates the claim is "plausible on its face." *Ashcroft*, 129 S.Ct. at 1949.

"A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.* *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

1    Allegations within the complaint that are legal conclusions are not to be accepted
2 as true. *Ashcroft*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of
3 action, supported by mere conclusory statements, do not suffice." *Id*. While legal
4 conclusions can provide the framework of a complaint, they must be supported by factual
5 allegations. *Id*.
6    In *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007), which the Supreme Court
7 discussed in *Ashcroft*, the sufficiency of a complaint alleging that telecommunications
8 providers had, in violation of the Sherman Act, entered an agreement not to compete and
9 to forestall competitive entry was evaluated. Plaintiffs recognizing that the Act enjoined
10 only anticompetitive conduct "effected by a contract, combination, or conspiracy,"
11 pleaded that the defendants "entered into a contract, combination or conspiracy to prevent
12 competitive entry . . . and ha[d] agreed not to compete with one another." The complaint
13 also alleged that the defendants' "parallel course of conduct . . . to prevent competition"
14 and inflate prices was indicative of the unlawful agreement. The Court held the
15 plaintiffs' complaint deficient. Plaintiff's allegation of an unlawful agreement was
16 deemed a legal conclusion and, as such, was not entitled to the assumption of truth. And
17 as for plaintiffs' allegation about defendants' parallel course of conduct, even if it were
18 accepted as true, it did not plausibly suggest an illicit accord because although the
19 parallel conduct was consistent with an unlawful agreement, it was also compatible with,
20 and was more likely explained by, lawful, unchoreographed free-market behavior.
21 *Ashcroft* at 1949.
22    In *Ashcroft*, plaintiff sued both United States Attorney General Ashcroft and FBI
23 Director Robert Mueller for holding plaintiff, a post-September-11th detainee, in highly
24 restrictive conditions of confinement. Plaintiff alleged they "knew of, condoned, and
25 willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as
26 a matter of policy, solely on account of [his] religion, race, and/or national origin and for
27 no legitimate penological interest." Plaintiff also alleged that Ashcroft was the "principal
28 architect" of this invidious policy, and that Mueller was "instrumental" in adopting and

1  executing it.  The Court found those assertions, to be like the pleading of conspiracy in
2  *Twombly*, amounting to nothing more than a "formulaic recitation of the elements" of a
3  constitutional discrimination claim and were conclusory allegations not entitled to be
4  assumed true.  *Ashcroft* at 1951.
5    In *Moss v. United States Secret Serv.*, 572 F.3d 962 (9th Cir. 2009), plaintiffs'
6  complaint failed to state a claim against defendant Secret Service agents because its
7  allegations against them also were conclusory.  Plaintiffs alleged their First Amendment
8  rights were violated when defendants ordered the relocation of their demonstration
9  against then President George W. Bush at a hotel where he was attending a fund raiser.
10 The Secret Service maintained that the relocation was requested to put the President out
11 of weapons range.  Plaintiffs alleged the Agents ordered the relocation of their
12 demonstration because of its anti-Bush message, and that the Agents acted in conformity
13 with an officially authorized *sub rosa* Secret Service policy of suppressing speech critical
14 of the President.  The complaint otherwise had no facts bolstering the allegations.  The
15 allegations of impermissible motive on the Agents' part, and that the Agents acted in
16 conformity with an officially authorized *sub rosa* Secret Service policy of suppressing
17 speech critical of the President were found to be conclusory and therefore not entitled to
18 an assumption of truth.  *Id.* at 970.
19   Plaintiff's civil rights claim, which he inexplicably attempts to allege twice in both
20 the first and second "causes of action," sets forth a factually unsupported claim that the
21 County has a policy of delaying medical care.  This conclusory allegation is premised on
22 allegations the medical care and treatment that *plaintiff alleges occurred* was inadequate.
23 Such allegations do not state a claim against the County for deliberately indifferent or
24 unconstitutional policies.  A single instance of allegedly delayed medical examination for
25 a single prisoner does not support a policy allegation.  There is no factual content in the
26 complaint to bolster the allegations to show the *Monell* claim is factually plausible.
27 "[C]ourts are not required to make 'unreasonable inferences' or 'unwarranted deductions
28 of fact' to save a complaint from a motion to dismiss." *Moss* at 971.  Like the allegations

1  in *Ashcroft*, *Twombly*, and *Moss*, these allegations are conclusory and not entitled to be
2  assumed true.  The allegations are insufficient to state a civil rights claim against as to the
3  County.

**B.     The County Is Not Vicariously Liable Under *Monell*.**

A public entity may not be held liable for the acts of an employee under 42 U.S.C. section 1983 on a respondeat superior theory.  *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978).  Consequently, the County cannot be held liable for a violation of civil rights based upon the conduct of a County employee or agent.

Under the ruling in *Monell*, municipal public entities may only be held liable for federal civil rights violations which stem from the enforcement of a municipal policy or custom.  The federal claims insofar as they implicate the County should be dismissed for the absence of factual allegations of enforcement of a relevant policy or custom which deprived plaintiff of an established constitutional right.

**C.     Plaintiff Must Specify The Policy At Issue And Individuals With Policymaking Authority.**

In addressing the issue of a municipality's liability under section 1983 based upon the enforcement of a policy, the Supreme Court in *Monell*, stated that municipal policy may be made by the municipality's "lawmakers" or "by those whose edicts or acts may fairly be said to represent official policy."  The Supreme Court in *Pembaur v. Cincinnati*, 475 U.S. 469 (1968) and *City of St. Louis v. Praprotnik*, 455 U.S. 112 (1988), provided guidance on this issue.  Although neither case commanded a majority opinion, the Court resolved that the critical question is whether the particular official had final decisionmaking authority over the particular subject matter.

To avoid dismissal, plaintiff must allege and prove that policymaking power was exercised in a manner giving rise to policy liability.  The Ninth Circuit has held that while the identification of municipal policymakers is a question of state law, whether a municipal entity delegated final decisionmaking authority to a particular official may present factual issues, such as whether the Board of Supervisors had delegated relevant

authority to a County department. *Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991), *cert. den.*, 112 S.Ct. 640 (1991). Thus plaintiff must not only present this Court with the applicable law showing who the final policymakers were, but must furnish factual proof showing how the power was exercised.

If plaintiff cannot allege that a formal, enacted policy caused a constitutional deprivation, then he must show that the relevant officials acquiesced in a widespread practice so permanent and well settled that it carried the force of law. The Supreme Court in *Monell* recognized that a practice may be so persistent and widespread that it constitutes a "custom or usage" having the force of law, even though it has "not received formal approval through the body's official decision-making channels." *Monell* at 691. Isolated instances of wrongdoing by an officer or employee do not constitute a custom. *Carter v. District of Columbia*, 795 F.2d 116, 124 (D.C. Cir. 1986).

### D. Plaintiff Has Not Alleged Deliberate Indifference Or An Unconstitutional Policy.

Plaintiff has not identified any specific County policy, custom or practice that deprived him of any constitutional right. He has not alleged any facts whatsoever identifying the County officials with final policymaking authority who allegedly established and enforced unidentified policies that deprived him of an established statutory or constitutional right. Nor has plaintiff cited any law, procedure, regulation, ordinance or other authority by which subject policies were formally adopted and enforced.

Finally, plaintiff has not alleged any facts whatsoever concerning the location or existence of documents or other evidence which establish that the aforementioned policies, allegedly adopted and enforced by the County in its jails, were in fact reduced to writing, or were common and established practice, or at a bare minimum were ever even made known to the County employees allegedly responsible for their implementation.

///

///

Instead, plaintiff's claim is based entirely upon allegations that deputy sheriff refused to take him for medical attention. (Complaint, ¶¶ 14-15.) Therefore, plaintiff cannot state a *Monell* claim against the County in this case.

**STATE CLAIMS**

**IV**

**PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE OR INFLICTION OF EMOTIONAL DISTRESS AGAINST THE COUNTY**
**(III, IV and V – Infliction of Emotional Distress and Negligence)**

The state law claims are all based on negligence. For example, the third cause of action charges that the County had constructive knowledge and failed to act. (Complaint, ¶¶ 31-32.) The fourth cause of action says the County negligently failed to provide medical care. (*Id.* at ¶ 37.) And the fifth cause claims the County was negligent in providing medical care. (*Id.* at ¶ 39.) In evaluating the viability of plaintiff's negligence and related emotional distress causes of action, it is critical to note that a public entity may not be held directly liable for general common law negligence under any circumstances. *Hoff v. Vacaville Unified School Dist.*, 19 Cal.4th 925, 932 (1998); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 840 (9th Cir. 1996). Public entity liability is statutory only. Cal. Gov't Code § 815(a). The only basis for imposition of liability directly against a public entity on a negligence theory is the breach of a mandatory duty. Gov't Code, § 815.6.

To properly state a claim for negligence directly against the County based upon the breach of a mandatory duty, plaintiff must allege the following in his complaint:

    1.    Specifically identify the particular enactment upon which he intends to rely (Gov't Code, § 810.6 defines "enactment" as a constitutional provision, statute, charter provision, ordinance or regulation);

    2.    Establish that said enactment imposed a mandatory, not discretionary duty on the County;

    3.    Establish that the enactment was intended to protect against the risk of injury allegedly suffered by plaintiff; and

    4.    Establish that breach of the mandatory duty was the proximate cause of plaintiff's alleged injury.

1 | *See, e.g.*, Gov't Code, § 815.6; *MacDonald v. State of California*, 230 Cal.App.3d 319,
2 | 327 (1991); *De Villers v. County of San Diego*, 156 Cal. App. 4th 238 (2007).
3 |       In the case at bench, plaintiff has not identified any enactment imposing a
4 | mandatory duty on the County; therefore, he has not properly pled a negligence cause of
5 | action directly against the County as a matter of law. *See*, *e.g.*, *Lehto v. City of Oxnard*,
6 | 171 Cal. App. 3d 285, 292 (1985), involving allegation that police failed to prevent
7 | drunken driver from driving following traffic stop; *Sullivan v. City of Sacramento*, 190
8 | Cal. App. 3d 1070, 1080 (1987), cause of action for breach of mandatory statutory duty
9 | not stated and no allegation of specifically identified regulation; *Searcy v. Hemet Unified*
10 | *School Dist.*, 177 Cal. App. 3d 792, 802 (1986), plaintiff's allegation that other
11 | "unspecified enactments" created mandatory duties deemed insufficient allegation and
12 | enactment claimed to establish duty must at least be identified.

## V

## CONCLUSION

Based upon the facts and applicable law set forth above, the County of San Diego respectfully submits that it is entitled to dismissal of plaintiff's entire complaint for failure to state facts sufficient to state a claim. The complaint should be dismissed as to the County without leave to amend pursuant to Federal Rules of Civil Procedure, rule 12(b)(6).

DATED: April 18, 2011      Respectfully submitted,

THOMAS E. MONTGOMERY, County Counsel

By s: *David Axtmann*
DAVID G. AXTMANN, Senior Deputy
Attorneys for Defendant County of San Diego (also Erroneously sued as "San Diego County Sheriff's Department")