1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SEAN HOFFARTH,

                                   Plaintiff,

          vs.

COUNTY OF SAN DIEGO; et al.,

                                   Defendants.

CASE NO. 11cv0450-LAB (BLM)

**ORDER RE: MOTION TO DISMISS**

## I.       Introduction

    Plaintiff Sean Hoffarth accuses the San Diego County Sheriff's Department of ignoring his pleas for medical attention over a two week period in which he repeatedly complained of a painful rash.  When a doctor finally saw him, he was diagnosed with a staph infection that, he alleges, had become life threatening and took two weeks to treat.

    Hoffarth brings five claims against the County of San Diego: two *Monell* claims and claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.  Now pending is the County's motion to dismiss Hoffarth's complaint for failure to properly state those claims.

## II.      Legal Standard

    A rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to Hoffarth.  *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed, but they must be sufficient to

1  "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S.

2  544, 555 (2007).  However, "some threshold of plausibility must be crossed at the outset"

3  before a case can go forward.  *Id.* at 558 (internal quotations omitted).  A claim has "facial

4  plausibility when the plaintiff pleads factual content that allows the court to draw the

5  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

6  *Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a

7  'probability requirement,' but it asks for more than a sheer possibility that a defendant has

8  acted unlawfully."  *Id.*

9       While the Court must draw all reasonable inferences in Hoffarth's favor, it need not

10  "necessarily assume the truth of legal conclusions merely because they are cast in the form

11  of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

12  2003) (internal quotations omitted).  In fact, the Court does not need to accept any legal

13  conclusions as true.  *Iqbal*, 129 S.Ct. at 1949.  A complaint does not suffice "if it tenders

14  naked assertions devoid of further factual enhancement" (*Id.* (internal quotations omitted)),

15  nor if it contains a merely formulaic recitation of the elements of a cause of action.  *Bell Atl.*

16  *Corp.*, 550 U.S. at 555.

17  **III.    Discussion**

18       **A.    The *Monell* Claims**

19       It is unclear to the Court, and probably unclear to the County, precisely what

20  Hoffarth's *Monell* claims *are*.  Under the heading "Policy, Custom or Practice Causing

21  Constitutional Violation," Hoffarth alleges in his complaint that the County "maintained a de

22  facto unconstitutional informal and/or formal policy, custom or practice of permitting, ignoring

23  and condoning its agents and police officers to ignore complaints of pain or need for medical

24  attention expressed by arrestees."  (Compl. ¶ 20.)  Under the heading "Cruel and Unusual

25  Punishment," he alleges essentially the same thing: the County "maintained a de facto

26  unconstitutional informal and/or formal, policy, custom or practice of ignoring the medical

27  risks to detainees who suffer infections" and also "maintained a de facto unconstitutional

28  formal and/or informal policy, custom or practice of ignoring detainees' request for medical

care or treatment, even when requested through the proper means." (Compl. ¶ 25.)  As far as Hoffarth's complaint goes, then, his first and second causes of action really collapse into one:  Hoffarth was injured by the County's policy of indifference to his medical needs, which is itself an Eighth Amendment violation.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Hoffarth's opposition brief muddles this further.  In the very beginning, he labels his first claim "Policy, custom, or practice causing Constitutional violations" (which is not really a claim) and his second claim "Violation of the 8th and 14th Amendments prohibiting cruel and unusual punishment" (which is not necessarily a *Monell* claim).  (Dkt. No. 11 at 1.)  He then bifurcates the second claim into two, calling his first cause of action "Policy, Custom or Practice Causing a Violation of the 14th Amendment to the U.S. Constitution" and his second cause of action "Cruel and Unusual Punishment in Violation of the 8th Amendment to the U.S. Constitution."  (Dkt. No. 11 at 5–6.)  To make matters worse, he argues for liability under *Monell* by alleging that "the legal cause of Mr. Hoffarth's injuries was Defendant's known and constant disregard for the California Code of Regulations (CCR) minimum standards for Local Detention Facilities in regards to inmate requests for medical attention, procedures for dealing with communicable diseases, and procedure for prompt attention and access to inmates with such diseases."  (Dkt. No. 11 at 7.)  The problem with this, of course, is that *Monell* liability is simply *municipal* liability under 42 U.S.C. § 1983, and for liability under § 1983 to attach in the first place there needs to be a *constitutional* violation.  *See Dougherty v. City of Covina*, 653 F.3d 892, 900 (9th Cir. 2011).  The County's alleged disregard for CCR policy, in and of itself, cannot give rise to liability under *Monell*.

Putting aside Hoffarth's pleadings, which in their imprecision only confuse the Court as to the nature and bases of his *Monell* claims, Hoffarth essentially brings a single *Monell* claim: he was injured pursuant to a County policy of deliberate indifference to the medical needs of those in the Sheriff's custody, which is itself a violation of the Eighth Amendment.[1]

---

[1] This claim doesn't arise, also, under the Fourteenth Amendment, a point of law on which Hoffarth appears to be confused.  The Fourteenth Amendment is implicated in this action only because it is under the Fourteenth Amendment that the Eighth Amendment's ban on cruel and unusual punishment is extended to pre-trial detainees. *Ammons v. Washington Dep't of Soc. and Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011).  It has no independent

It isn't enough for Hoffarth to allege that the County was deliberately indifferent to *his* medical needs; a *Monell* claim requires the allegation (and the proof) that it was the County's *policy* to be deliberately indifferent to the medical needs of those in the Sheriff's custody. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978).[2]

Hoffarth's allegations to this effect, unfortunately, are wholly speculative and cannot withstand the pleading standards set forth in *Iqbal*. The only reasonable inference that the factual allegations of Hoffarth's complaint allow is that *his* medical needs were met with deliberate indifference. The allegation that his treatment was the regular, customary treatment afforded to those in County custody is precisely the kind of "naked assertion" that *Iqbal* holds cannot survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949. It is no help that Hoffarth points to multiple incidents in which his jailers were allegedly deliberately indifferent to his medical needs; he is still only referencing his own treatment and leaving the Court with nothing other than the "sheer possibility" that the County's *policy* for treating inmates in need of medical attention violates the Eighth Amendment. *Id.* Nor is it any help that Hoffarth believes his factual allegations "would raise a reasonable expectation that discovery will reveal evidence of express or implicit agreements amongst the Department as to the

---

force or substance, and does not give rise to any separate rights. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) ("We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs . . . under a 'deliberate indifference' standard."); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we apply the same standards."); *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 & n.2 (9th Cir. 1988) (explaining that "the fourteenth amendment due process rights of pretrial detainees are analogized to those of prisoners under the eighth amendment").

[2] Under certain circumstances, "a single decision by municipal policymakers" can give rise to *Monell* liability even in the absence of a municipal policy or custom, but that theory is not implicated in Hoffarth's action. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). *See id.* at 481 ("If the decision to adopt [a] particular course of action is properly made by [the] government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood.")

permitting, ignoring, or condoning this informal and/or formal custom in disregard of Detention Policy and the United States Constitution." (Dkt. No. 11 at 5, 7.)  Hoffarth is not entitled to take discovery to investigate his claims.  He has to plead facts at the outset that "raise a right to relief above the speculative level," *Twombly* at 555, and he has failed to do that.  Hoffarth's first and second causes of action—his *Monell* claims—are therefore **DISMISSED WITH PREJUDICE**.  It is apparent to the Court that amendment would be futile.

### B.    The State Law Claims

Hoffarth's state law claims are all negligence-based, and the County objects to them on the ground that "a public entity may not be held directly liable for general common law negligence under any circumstances." (Dkt. No. 3-1 at 7.)  Indeed, under California law "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815(a). There is an exception to this rule, however, "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury." Cal. Gov. Code § 815.6.  In this circumstance, "the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." *Id.*

There are three components to liability under § 815.6.  First, Hoffarth must point to some specific enactment intended to protect against the particular kind of injuries he allegedly suffered.    Second, that enactment must be obligatory, rather than merely discretionary or permissive, in its directions to the County.  Third, the County's failure to fulfill its duty must be a proximate cause of Hoffarth's injuries.  *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 256 (Cal. Ct. App. 2007).  Hoffarth's complaint states his negligence claims in thin air, completely untethered to any statutory obligation of the County. In his opposition brief, however, it becomes clearer: he alleges that his injuries were caused by the County's disregard for Title 15 of the California Code of Regulations, which sets minimum standards for inmates' medical care, as well as a "Health Care Procedures Manual" developed pursuant to Title 15.  (*See* Dkt. No. 11 at 8.)  There are at least two

1  problems with this.  First, Hoffarth can't expect the Court or the County to piece together his

2  state law claims based on explanations in his opposition brief.  If Hoffarth believes Title 15

3  and the Manual are "enactments" within the meaning of § 815.6, he needs to lay out *in his*

4  *complaint* precisely what they obligate the County to do and precisely how the County failed

5  these obligations.  Second, while Hoffarth may bring a general negligence claim under §

6  815.6, it isn't clear to the Court how he can bring his emotional distress claims under the

7  statute.  Those claims are collateral to his actual injuries arising out of his staph infection,

8  and it is *those* injuries that, presumably, Title 15 and the Manual were designed to protect

9  against.

10 **IV.    Conclusion**

11        The pleadings in this case leave much to be desired, but the Court is willing to allow

12 Hoffarth another try.  His *Monell* claims are **DISMISSED WITH PREJUDICE**.  The facts he

13 alleges in his complaint are simply too inadequate to support those claims.  His state law

14 claims for negligence, however, are **DENIED WITHOUT PREJUDICE**.  Within two weeks of

15 the date this Order is entered, Hoffarth should file an amended complaint that lays out in

16 rigorous detail why the County is negligent under § 815.6.  Hoffarth should also give serious

17 thought to the viability of his emotional distress claims under § 815.6.  Finally, the Court is

18 confused as to the status of Hoffarth's claims, presumably rooted in § 1983, against the

19 individual Defendants.  They are named anonymously in Hoffarth's complaint, but it appears

20 they have not been served or made any kind of appearance in this case.  If Hoffarth intends

21 only to pursue his claims against the County of San Diego at this point, his amended

22 complaint should reflect that.

23        **IT IS SO ORDERED**.

24 DATED:  November 29, 2011

25

26                                    **HONORABLE LARRY ALAN BURNS**
                                     United States District Judge
27

28